IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jeramy Michael Lee, | ) |
| | ) Civil Action No. 6:11-1518-TMC |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| Michael J. Astrue, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

The plaintiff, Jeramy Michael Lee (Lee), brought this action under Title 42, United States Code, Sections 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying his claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act (SSA). (Dkt. No. 1.) This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge, made in accordance with Title 28, United States Code, Section 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), concerning the disposition of social security cases in this district. (Dkt. No. 28.)[1] The Report recommends affirming the decision of the Commissioner to deny benefits. The court adopts the Report and affirms the denial of disability insurance benefits and supplemental security income benefits.

I. BACKGROUND

Lee filed applications for disability insurance benefits and supplemental security income benefits on October 16, 2008, alleging that he became unable to work on August 26, 2006 due to

---
[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

a traumatic subarachnoid hemorrhage and traumatic subdural hematoma. His applications were denied initially and on reconsideration by the Social Security Administration. An administrative law judge (ALJ) conducted a hearing on June 29, 2010. On July 1, 2010, the ALJ issued a decision, finding that Lee was not under a disability as defined in the SSA. The Appeals Council approved the ALJ's finding on May 23, 2011, making it the final decision of the Commissioner.

Lee filed this action for judicial review on June 21, 2011. (Dkt. No. 1.) The magistrate judge filed the Report on September 20, 2012, recommending that the Commissioner's decision be affirmed. (Dkt. No. 28.) In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference. Lee filed objections to the Report on October 10, 2012 (Dkt. No. 30) and the Commissioner filed a reply to those objections on October 29, 2012 (Dkt. No. 32). This matter is now ripe for review.

## II. STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review

contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. ANALYSIS

Lee objects to the Report primarily on the ground that the magistrate judge did not perform a meaningful analysis of the issues raised in Lee's previous memorandum opposing the Commissioner's decision (Dkt. No. 19), and instead merely recited the relevant portions of the record. In his objections, Lee again asserts that the ALJ (1) performed a flawed listing analysis, (2) performed a flawed credibility analysis, and (3) failed to perform a proper Residual Functional Capacity (RFC) analysis and adds that the magistrate judge blindly rubber stamped the ALJ's decision. The court disagrees.

### A. Listing Analysis

First, Lee asserts that the ALJ failed to consider the record as a whole in his listing analysis. However, the Report concludes that the ALJ's listing analysis is supported by substantial evidence.

A listing analysis includes identifying the relevant listed impairments and comparing the criteria with evidence of the plaintiff's symptoms. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) ("Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination.").

Contrary to Lee's assertion, the ALJ dutifully recites each piece of evidence he relies on in his listing analysis. (Dkt. No. 14, pp. 14-15.) In addition, the ALJ draws this evidence from all

3

corners of the record, including the multiple objective medical reports in the record, Lee's own reports in consultative examinations, and his mother's reports and hearing testimony.

The court finds that the Report properly found that the ALJ's listing analysis is supported by substantial evidence.

B. Credibility

Next, Lee argues that the ALJ and the magistrate judge improperly relied almost entirely on objective evidence in assessing his credibility.

With regard to a claimant's subjective complaints: "First, there must be objective medical evidence showing the existence of a medical impairment . . . which could reasonably be expected to produce the pain or other symptoms alleged." *Chater*, 76 F.3d at 595. Then, the ALJ can consider a claimant's symptoms, including pain, to diminish his capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). So, "[a]lthough a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence." *Chater*, 76 F.3d at 595.

In his credibility assessment, in addition to the objective medical evidence, the ALJ relied on multiple pieces of subjective evidence, including Lee's reports and hearing testimony, his mother's hearing testimony, and Lee's own statement in July 2008, after falling off a ladder, that he did not experience visual disturbance or dizziness. (Dkt. No. 14, p. 16.) And, despite almost all of the objective medical evidence suggesting that Lee is fully recovered, the ALJ limited him to medium work, no climbing, and only occasional balancing, apparently to account for the subjective reports.

Accordingly, the court finds that the ALJ and the Report properly addressed the issue of Lee's credibility.

## C.  Residual Functional Capacity

Finally, Lee argues that the ALJ's RFC analysis relied entirely on the vocational expert rather than facts the ALJ found on his own. As the Report explains, the ALJ's RFC analysis thoroughly discusses each of his findings, including which evidence from the record he relied on. (Dkt. No. 28, pp. 18-19.) While the ALJ did consider the vocational expert's opinion, he certainly did not do so to the exclusion of other relevant evidence in the record. Thus, the court finds that Lee's argument lacks merit and fully adopts the Report's reasoning in response.

## IV.  CONCLUSION

After carefully reviewing the record, including the findings of the ALJ, the parties' briefs, the Report, Lee's objections, and the Commissioner's reply, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Lee's impairments, arguments, and functional capacity and that substantial evidence supports the Commissioner's decision that Lee is not disabled as defined by the SSA. Likewise, the magistrate judge considered each of Lee's arguments and properly addressed each in turn, finding them without merit. Having conducted the required de novo review of the issues to which Lee has objected, the court finds no basis for disturbing the Report. The magistrate judge adequately addressed each of these issues in the Report, and the court concurs with both the reasoning and result recommended by the magistrate judge. The court, therefore, adopts the Report, which is incorporated herein by reference, and its recommended disposition.

For the reasons set out above and in the Report, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

                                                          s/ Timothy M. Cain
                                                          Timothy M. Cain
                                                          United States District Judge

Anderson, South Carolina
October 31, 2012